UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11159-GAO

GREGORY LANGADINOS,
Plaintiff,

v.

BOARD OF TRUSTEES OF THE UNIVERSITY OF MASSACHUSETTS, et al.,
Defendants.

ORDER ADOPTING REPORT AND RECOMMENDATION
September 30, 2013

O'TOOLE, D.J.

The magistrate judge to whom this matter was referred has filed a Report and Recommendation ("R&R") (dkt. no. 42) with respect to the plaintiff's motion for a preliminary injunction (dkt. no. 32). After carefully reviewing the pleadings, the parties' submissions, the R&R, and the plaintiff's objections, I agree with the magistrate judge's analysis and conclusions.

Accordingly, I approve and ADOPT the magistrate judge's recommendation in its entirety. The plaintiff's Motion for Preliminary Injunction (dkt. no. 32) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREGORY LANGADINOS,<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF TRUSTEES OF THE<br>UNIVERSITY OF MASSACHUSETTS, et al.<br><br>Defendants. | Civil Action No. 12-11159-GAO |

REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR A PRELIMINARY INJUNCTION
[Docket No. 32]

August 28, 2013

Boal, M.J.

Pro se plaintiff Gregory Langadinos ("Langadinos" or "Plaintiff"),[1] a frequent litigant in this and other courts, filed this action against defendants University of Massachusetts Board of Trustees ("UMass"), Margaret D. Xifaras ("Xifaras"), in her individual and official capacity, Southern New England School of Law (the "Law School"), Robert V. Ward, Jr. ("Ward"), the Law Office of Kenneth V. Kurnos (the "Law Office"), and Kenneth Victor Kurnos ("Kurnos"). Langadinos alleges federal civil rights violations, state law torts, and breach of contract. This is Langadinos' fifth suit against the Law School and its former dean, Ward, the third against Kurnos and the Law Firm, and the second against Xifaras. The Defendants moved to dismiss the

---

[1] Langadinos is somewhat different from the typical pro se litigant because he graduated from law school, although it appears that he has not been admitted to practice law in any jurisdiction. See Langadinos v. Hosokawa Micron Int'l, Inc., No. 08-11237-DPW, Docket No. 104 at p. 1, n. 1 (D. Mass. Mar. 31, 2011).

-1-

Amended Complaint. Docket Nos. 14, 16, 24. This Court recommended that the District Court grant those motions. Docket No. 41. Before the Court is Plaintiffs' motion for a preliminary injunction.[2] Docket No. 32. For the reasons discussed below, this Court recommends that the District Court deny the motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Court sets forth the relevant procedural history, Langadinos' factual allegations, and Langadinos' relevant litigation history in its report and recommendation regarding the Defendants' motions to dismiss. Docket No. 41. This Court has recommended that the District Court grant the Defendants' motions to dismiss and dismiss this action. Id.

In response to the Defendants' motions to dismiss and for a permanent injunction, on May 21, 2013, Langadinos filed a motion titled "Plaintiff's Motion in Support of a Preliminary Injunction Under Rule 65(a) and for a Further Order Protecting the Federal Statutory 'Right to Sue' Under 42 U.S.C. § 1981; and Right to Manage Own Lawsuit Pursuant to 28 U.S.C. § 1654; and Under § 504 of the Rehabilitation Act of 1973, and Title III of the ADA, 42 U.S.C. § 12." Docket No. 32. Defendants filed oppositions on May 31, 2013 and June 3, 2013. Docket Nos. 37, 38.

## II. ANALYSIS

It is not entirely clear what relief Langadinos seeks by his motion. It appears that Langadinos is seeking the denial of the Defendants' motions and some type of order enjoining the Defendants from interfering in any way with Langadinos' "ability to obtain his day in court."

---

[2] The District Court referred this case to the undersigned for full pretrial proceedings, including dispositive motions on May 7, 2013. Docket No. 29.

See Docket No. 32 at 3. He appears to be arguing that the Defendants' motions in this case somehow hamper his ability to represent himself in court. This Court recommends that the District Court deny the motion.

As the party moving for a preliminary injunction, Langadinos has the burden to show: (1) a substantial likelihood of success on the merits; (2) a significant risk of irreparable harm if the injunction is denied; (3) the harm he will suffer outweighs the harm to the respondent if the preliminary injunction is granted; and (4) the preliminary injunction will promote the public interest. McGuire v. Reilly, 260 F.3d 36, 42 (1st Cir. 2001). This Court has recommended that the District Court dismiss this action. Therefore, Langadinos has not established a substantial likelihood of success on the merits. Accordingly, the Court recommends denial of Langadinos' motion for a preliminary injunction.

## III. RECOMMENDATION

For the foregoing reasons, this Court recommends that the District Judge assigned to this case deny Langadinos' motion for a preliminary injunction.

## IV. REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P.

72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir. 1993).