UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11159-GAO

GREGORY LANGADINOS,
Plaintiff,

v.

BOARD OF TRUSTEES OF THE UNIVERSITY OF MASSACHUSETTS, et al.,
Defendants.

ORDER ON PERMANENT INJUNCTION AND ADOPTING REPORT AND
RECOMMENDATION
September 30, 2013

O'TOOLE, D.J.

The magistrate judge to whom this matter was referred has filed a Report and Recommendation ("R&R") (dkt. no. 43) with respect to the defendants' motion for a permanent injunction (dkt. no. 26) and the plaintiff's motion to strike (dkt. no. 36). After carefully reviewing the pleadings, the parties' submissions, the R&R, and the plaintiff's objections, I agree with the magistrate judge's analysis and conclusions.

Accordingly, I approve and ADOPT the magistrate judge's recommendation in its entirety. The plaintiff's Motion to Strike (dkt. no. 36) is DENIED. The defendants' Motion for Permanent Injunction (dkt. no. 26) is GRANTED.

The plaintiff is enjoined from filing any further pleadings in this action and from filing any additional or new claims, cases, complaints, or other documents in the U.S. District Court for the District of Massachusetts, except to effect an appeal of the Court's orders in this case, without first obtaining written approval of a judge of this Court by filing a written petition seeking leave of Court to do so. The petition must be accompanied by a copy of this Court's Memorandum and Order, together with the papers sought to be filed, and a certification under

oath that there is a good faith basis for their filing. The Clerk of Court shall accept the documents, mark them as received, and forward them for action on the petition to a judge of this Court authorized to act on matters on the Miscellaneous Business Docket of the Court. Any documents which are submitted for filing by the plaintiff in violation of this Order shall not be filed or docketed by the Clerk's Office, but shall be returned by the Clerk's Office to the plaintiff.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

AUNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
GREGORY LANGADINOS,                            )
                                               )
          Plaintiff.                           )
                                               )          Civil Action No. 12-11159-GAO
v.                                             )
                                               )
BOARD OF TRUSTEES OF THE                       )
UNIVERSITY OF MASSACHUSETTS, et al.            )
                                               )
          Defendants.                          )
                                               )

REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION
TO ENJOIN PLAINTIFF FROM FILING FURTHER LAWSUITS
IN THIS JURISDICTION WITHOUT PRIOR COURT APPROVAL.
[Docket Nos. 26, 36]

August 29, 2013

Boal. M.J.

Pro se plaintiff Gregory Langadinos ("Langadinos" or "Plaintiff"),[1] a frequent litigant in

this and other courts, filed this action against defendants University of Massachusetts Board of

Trustees ("UMass"). Margaret D. Xifaras ("Xifaras"), in her individual and official capacity,

Southern New England School of Law (the "Law School"), Robert V. Ward, Jr. ("Ward"), the

Law Office of Kenneth V. Kurnos (the "Law Office"), and Kenneth Victor Kurnos ("Kurnos").

Langadinos alleges federal civil rights violations, state law torts, and breach of contract. This is

Langadinos' fifth suit against the Law School and its former dean, Ward, the third against

---

[1] Langadinos is somewhat different from the typical pro se litigant because he graduated
from law school, although it appears that he has not been admitted to practice law in any
jurisdiction.  See Langadinos v. Hosokawa Micron Int'l, Inc., No. 08-11237-DPW, Docket No.
104 at p. 1, n. 1 (D. Mass. Mar. 31, 2011).

Kurnos and the Law Firm, and the second against Xifaras. Defendants Law School, Ward, Kurnos, the Law Firm, and Xifaras have moved for an order permanently enjoining Langadinos from filing any future lawsuits in the U.S. District Court for the District of Massachusetts without prior court approval.[2] Docket No. 26. For the reasons discussed below, this Court recommends that the District Court grant the motion.

I.    FACTUAL AND PROCEDURAL HISTORY

A.    Prior Related Proceedings

From 1997 to 1998, Langadinos was a student at the Law School. Langadinos v. Southern New England School of Law, Civ. A. No. 08-2064, Memorandum and Order on Defendants' Renewed Motion to Dismiss for Fraud Upon the Court and for Repeated Non-Compliance with this Court's Orders (Mass. Super. May 3, 2012), p. 1.[3] Due to poor performance, Langadinos transferred to Touro Law Center ("Touro") in New York. Id. He was dismissed for academic reasons. Id. He then filed suit against Touro. Langadinos v. Trustees of Touro College, No. 99-cv-4211 (TCP) (E.D.N.Y.). The suit was removed to federal court where it was ultimately dismissed with prejudice. Superior Court Dismissal Order at 2. The federal court found Langadinos to be "a vexatious litigant." See Docket No. 19 at 3. The federal court also enjoined Langadinos from filing further pleadings, motions, or appeals against the defendants without first obtaining the written permission of a judge or clerk of that court. See Langadinos v. Trustees of Touro College, 71 Fed. Appx. 95 (2nd Cir. 2003).

---

[2] The District Court referred this case to the undersigned for full pretrial proceedings, including dispositive motions on May 7, 2013. Docket No. 29.

[3] This decision is attached as Exhibit 3 to Defendants' Exhibit Appendix. Docket No. 28. The Court refers to the decision as the Superior Court Dismissal Order.

Langadinos then applied for readmission to the Law School.  Superior Court Dismissal Order at 2.  When his application was denied, he sued the Law School, alleging discrimination on the basis of handicap and national origin.  Langadinos v. Southern New England School of Law, Inc., No. 00-cv-11817-RWZ (D. Mass.).  In connection with this lawsuit, Langadinos and the Law School entered into a Confidential Settlement Agreement (the "Settlement Agreement").  Ex. 1 to Amended Complaint.  Thereafter, Langadinos attended Appalachian School of Law, against which he immediately brought a claim for discrimination.  Superior Court Dismissal Order at 2.

On May 6, 2008, Langadinos commenced an action against the Law School, Ward, Xifaras and others in Suffolk Superior Court.  Langadinos v. Southern New England School of Law Inc., No. 08-2064 (Mass. Super.) (the "Superior Court Action").[4]  In that case, Langadinos alleged that he learned during a deposition in the case he had brought against Appalachian School of Law that Ward, while Dean of the Law School, had disparaged him in violation of the parties' prior Settlement Agreement and defamed him.  Kurnos represented the defendants in that suit.  On September 9, 2009, the Superior Court dismissed all counts of the complaint except for the claims of breach of contract and defamation.  Superior Court Dismissal Order at 2.

On July 1, 2011, Langadinos filed two baseless lawsuits in the Middlesex Superior Court against the Law School, Ward and Kurnos.  Id. at 3.  In the first suit, Langadinos sought an ex parte Order of Protection against Ward and Kurnos pursuant to M.G.L. c. 258E, alleging that they had been criminally harassing and stalking him.  Id. at 4.  Attached to his complaint were

---

[4] A copy of the Complaint in that action is attached as Exhibit 2 to the Exhibit Appendix. Docket No. 28.

3

three emails from Kurnos requesting that Langadinos provide him with his home address.  Id.
Langadinos did not explain, however, that those emails were sent in response to his own failure
to provide a valid street address to which service of process could be made in compliance with
Rule 11 of the Massachusetts Rules of Civil Procedure.  Id. at 5.  Langadinos also attached to his
complaint two affidavits signed by classmates, Paul Pezza and Fabian Powell, which contained
inflammatory statements concerning Ward.  Id.  Both would later admit under oath that the
affidavits were false and signed under duress.  Id.  They also stated that Langadinos had tried to
convince them to accuse Ward of being a racist, which they refused to do even when under
duress.  Id.

In addition, Pezza testified that the second affidavit filed under his name contained
additional statements that Pezza had never seen before.  Id.  These statements were inflammatory
and racially charged.  Id.  Pezza swore that he did not sign the second affidavit.  Id.  A
handwriting expert later testified that the signature on the second affidavit was forged.  Id.  After
an ex parte hearing, Langadinos' motion for an Order of Protection was denied, and the first
Middlesex suit was dismissed sua sponte as being frivolous in the extreme.  Id.

In the second suit filed in Middlesex County, Langadinos sought preliminary injunctive
relief enjoining Ward and Kurnos from mentioning the terms or even the existence of the
Settlement Agreement, from making certain arguments in the Superior Court Action, and from
making any disparaging comment about him.  Id. at 5-6.  He also sought hundreds of thousands
of dollars in damages for alleged psychological harm attributable to statements made about him
by Kurnos in connection with the Superior Court Action.  Id. at 6.  Langadinos attached to his
complaint the above mentioned perjurious affidavits.  Id.  He also filed a series of pages which

4

contained irrelevant and highly sensitive personal information about Kurnos, including Kurnos' social security number and the name of his wife. Id. After a hearing, Superior Court Judge Connolly denied Langadinos' motion for a preliminary injunction and dismissed the case in its entirety, specifically finding that:

> This plaintiff [Langadinos] has been harassing [the Law School] with frivolous lawsuits since at least 2000 which this Court estimates has cost the law school hundreds of thousands of dollars in legal fees. He is putting highly personal information of some of the defendants in the complaints and/or attachments. This is his fourth lawsuit against [the Law School] and some of its faculty. There was a companion case filed by Mr. Langadinos here in Middlesex Superior Court on the same day as this case was filed, namely July 1, 2011 and it gives a better and clear picture just what Mr. Langadinos is all about and what he is trying to achieve in these lawsuits.

Id.

In addition, at the hearing, Judge Connolly ordered Langadinos to provide a valid residential street address, not just his P.O. Box, which was all he had previously given to the defendants in that action. Id. Under oath, Langadinos stated that he lived at 168 Great Road, Unit 452, Bedford, Massachusetts 01730. Id. at 6-7. Judge Connolly repeated the address to be certain that there was no error, and Langadinos confirmed it. Id. at 7. After the hearing, Kurnos mailed a notice of deposition to that address. Id. The notice was returned as "NOT DELIVERABLE." Id. The defendants subsequently discovered that the "residential" address Langadinos had provided to Judge Connolly was, in fact, the address of the Bedford Post Office, with "Unit 452" corresponding to Langadinos' P.O. Box number. Id.

On May 3, 2012, the Superior Court dismissed the remaining claims in the Superior Court Action on the grounds that Langadinos had committed a fraud upon the Court and repeatedly failed to comply with court orders. Superior Court Dismissal Order. The Superior

5

Court found, among other things, that Langadinos had served scurrilous, racially charged

discovery, filed altered documents with the court, filed perjurious and forged affidavits, and

committed other misconduct. Id. at 2-13.

In addition, the Superior Court enjoined Langadinos from "filing any action at law or

equity in any Massachusetts state court of original jurisdiction against any party" without first

filing a verified complaint and going through a prescreening hearing before a regional

administrative justice to determine whether or not Langadinos' claims were frivolous.

Langadinos v. Southern New England School of Law, Inc., No. 2008-2064, 2012 WL 4854704,

at * 3 (Mass. Super. Sept. 20, 2012). In its order, the Superior Court specifically found that:

> I have already determined that in this case plaintiff "altered documents before
> filing them in order to hinder Defendants' ability to respond to discovery requests
> and to get their lawyer sanctioned; filed two baseless lawsuits in another county
> of the Superior Court in order to harass and intimidate Defendants' lawyer and to
> interfere with Defendants' ability to mount a defense in this case; committed
> perjury in open court; filed two materially false affidavits and one forged affidavit
> knowing that the affiants had disclaimed them; filed at least two of his own
> materially false affidavits in different attempts to obtain favorable rulings;
> knowingly made false statements of material fact before [the] court; purposefully
> misrepresented [the] court's prior rulings in an attempt to conceal his fraud;
> systematically abused the judicial process in order to make it difficult or
> impossible for Defendants to respond to his motions; and repeatedly unabashedly
> placed slanderous, defamatory and racially charged language in his pleadings, in
> complete disregard of [the] court's orders." I also found that the plaintiff
> "harassed and intimidated *two friends*, both lawyers and officers of this court, into
> signing false affidavits [footnote omitted] so that they could assist him in
> perpetrating the fraud, and so that he could claim attorney/client privilege in order
> to cover it up."

Id. at *1 (citations omitted; emphasis in original).

Further, the Superior Court ordered Langadinos to pay in excess of $208,000 in

attorneys' fees incurred by defendants as a result of Langadinos' fraudulent conduct. See

Langadinos v. Southern New England School of Law, Inc., No. 2008-2064, 2012 WL 4840678,

at *3 (Mass. Super. Sept. 20, 2012).

### B. This Action

Langadinos filed this action on June 28, 2012, the same day of the hearing on the Defendants' request that Langadinos be prohibited from filing any future actions in the Commonwealth's state courts without prior court approval. Docket No. 1. The original complaint alleges that various defendants violated RICO, federal and state wiretapping acts, and committed fraud on the court. Id. The original complaint named as defendants W.R. Berkley Corporation, William R. Berkley, Acadia Insurance Company, Ward, the Law School, Kurnos and the Law Firm. Docket No. 1 at ¶¶ 6-12.

On October 23, 2012, Langadinos filed a motion to extend the time to serve the Complaint for six months until April 28, 2013. Docket No. 2. The District Court allowed the motion in part and extended the time to serve the Complaint until January 21, 2013. Docket No. 4. On January 22, 2013, Langadinos filed an Amended Complaint. Docket No. 6. The Amended Complaint is completely different from the original complaint.[5] The Amended Complaint dropped defendants W.R. Berkley Corporation, William R. Berkley and Acadia Insurance Company and adds defendants UMass and Xifaras. Id. In addition, all of the claims in the original complaint have been replaced by claims for unlawful retaliation, violations of the Americans with Disabilities Act, different civil rights violations, breach of contract claims, fraud in the inducement, intentional/negligent infliction of emotional distress and defamation. Id.

Also on January 22, 2013, Langadinos filed proof of service of the Complaint. The

---

[5] However, the Amended Complaint is strikingly similar to the complaint in the Superior Court Action and is largely based upon the same set of facts.

7

proofs of service state that a copy of the Amended Complaint was served on January 18, 2013. Docket Nos. 7-12. However, the Amended Complaint was not filed until January 22, 2013. Docket No. 6.

All Defendants moved to dismiss the Amended Complaint. Docket Nos. 14, 16, 24. Langadinos filed an opposition to Defendants' motion to dismiss on May 21, 2013. Docket Nos. 34, 35. Langadinos also filed a motion for a preliminary injunction, seeking an order "protecting the plaintiff from the defendants [sic] continuous interference with plaintiff's ability to obtain his day in court, and redress the grievances committed by the defendants." Docket No. 32.

On August 29, 2013, this Court recommended that the District Court grant the Defendants' motions to dismiss. Docket No. 41.

C.    Other Actions

Langadinos has filed a number of other actions against others over the years. Those cases include the following:

1. Langadinos v. Langadinos, Middlesex Superior Court, Civil Action No. MICV1996-03806; Filed: 06/27/1996; Disposition: Settled.

2. Langadinos v. Rainville et al., Bristol Superior Court, Civil Action No. BRCV1998-00864; Filed: 12/31/1998; Disposition: Dismissed as to Rainville, M.D. for failing to post bond in Med. Mal. Action. Dismissal as to others via summary judgment. See Langadinos v. Rainville, 54 Mass. App. Ct. 1102 (2002).

3. Joseph O'Connell v. Gregory Langadinos, Supreme Judicial Court Docket No. SJ2001-0081 (M.G.L. c. 211, §3 Petition and supporting Memorandum); Filed: 2/16/2001; Disposition: Relief Denied 2/26/2001 Sosman, J. See Goldberg v. Langadinos, 76

8

Mass. App. Ct. 1134 (2010); Goldberg v. Langadinos, 67 Mass. App. Ct. 1118 (2006).

    4. Langadinos v. Charland, et al., Essex Superior Court, Civil Action No. ESCV2003-01664; Filed: 11/20/2003; Disposition: Settled. See Ex. 16 to Defendants' motion.

    5. Langadinos v. Massachusetts Board of Bar Examiners, Supreme Judicial Court Docket No. SJ2004-0207 (complaint to be admitted to the bar after failing bar examination); Filed: 5/10/2004; Waiver of Fees requested and allowed; Disposition: Relief Denied. See Ex. 17 to Defendants' motion.

    6. Langadinos v. Hosokawa Micron International, Inc., Essex Superior Court, Civil Action No. ESCV2007-01894; Filed: 07/07/2008; Disposition: Summary judgment granted to defendant. See Langadinos v. Hosokawa Micron Intern., Inc., No. 08-11237-DPW, 2011 WL 1213079 (D. Mass. Mar. 31, 2011).

    7. Langadinos v. Patel et al., Middlesex Superior Court, MICV2010-04502; Filed: 11/30/2010; Waiver of Fees; Disposition: Settled. See Ex. 19 to Defendants' motion.

    8. Langadinos v. American Airlines, Federal District Court for the District of Massachusetts, Docket No. 98-11127-NG; Filed: 09/10/98; Disposition: Dismissed for repeated failure to comply with Court's discovery orders. See Langadinos v. Am. Airlines, Inc., 48 Fed. Appx. 4 (1st Cir. 2002).

    9. Langadinos v. Pezza Law, P.C. et al., Middlesex Superior Court, Civil Action No. MICV2012-00911; Filed: 03/08/2012; Disposition: Pending. See Ex. 21 to Defendants' motion.

    10. Langadinos v. Sears Holdings Management Corp. et al., Norfolk Superior Court, Civil Action No. NOCV2012-00703; Filed: 04/17/2012; Affidavit of Indigency filed and apparently rejected so filing fee paid; Disposition: Settled. See Ex. 22 to Defendants' motion.

II.    ANALYSIS

The Defendants request an injunction prohibiting Langadinos from filing any future lawsuits in the U.S. District Court for the District of Massachusetts without first obtaining court approval. Docket No. 26 at 3-4. This Court finds that the requested injunction is appropriate under the circumstances.

"Federal courts plainly possess discretionary powers to regulate the conduct of abusive litigants." Cok v. Fam. Ct. of R.I., 985 F.2d 32, 34 (1st Cir. 1993). This power encompasses the Court's ability to enjoin litigants who abuse the court system by filing groundless and vexatious litigation. Gordon v. United States Dep't of Justice, 558 F.2d 618, 618 (1st Cir. 1977) (per curiam). Where a litigant has demonstrated a "propensity to file repeated suits involving the same or similar claims" of a "frivolous or vexatious nature," a bar on further filings is appropriate. Castro v. United States, 775 F.2d 399, 409 (1st Cir. 1985) (per curiam), overruled on other grounds by Stevens v. Dep't of the Treasury, 500 U.S. 1 (1991).

An injunction on the ability to file lawsuits should be tailored to the specific circumstances presented, particularly when issued against a pro se plaintiff. Cok, 985 F.2d at 34-35. A comprehensive filing ban should occur only where clearly indicated by the record in a particular case. Id. at 36 (warning that injunction restricting all court access should be issued "only when abuse is so continuous and widespread as to suggest no reasonable alternative.").

This Court is mindful of the severity of issuing a broad injunction against a pro se plaintiff and that such restrictions against pro se plaintiffs should be approached with caution. See id. at 35. The Court also recognizes that litigiousness alone will not support an injunction. See Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir. 1980). However, Langadinos' filing

practices against the Defendants have been abusive and persistent. Langadinos has now sued the Law School and Ward five times, Kurnos and/or his Law Firm three times, and Xifaras twice. Except for the 2000 original action against the Law School and the Boston Globe allegations in the instant case, all the lawsuits involve the same set of facts. This action is almost identical to the Superior Court Action and was filed after the Superior Court dismissed the Superior Court Action for fraud on the court and repeated abuses of the litigation process. It was also filed on the same day that the Superior Court Action heard the motion to enjoin Langadinos from filing any future lawsuits in the Massachusetts state courts. Although the Superior Court did not issue the injunction until September 20, 2012, this Court may permissibly infer that the filing of this action was an attempt to end run a then anticipated injunction prohibiting Langadinos from filing any more lawsuits in the state courts. The Defendants have spent much money and resources defending against Langadinos' frivolous lawsuits.

In addition, the Court notes that Langadinos is a frequent litigant in this and other courts. Except for a few technical successes, Langadinos appears to have lost every one of his lawsuits in both the trial courts and on appeal. At least some of his lawsuits in this district appear to have been frivolous. See, e.g., Hosokawa Micron Int'l, Inc., 2011 WL 1213079 at *1 (finding of vexatious and frivolous motion practice by Judge Woodlock; court also noted that Langadinos' own expert concluded his product liability claim had no merit). Yet another one was dismissed because of Langadinos' repeated failures to comply with court orders and burdening the court with needless delays. See Am. Airlines, 48 Fed. Appx. at 4. Other judges have characterized Langadinos as a vexatious and harassing litigant. See Exs. 3, 7A, 23. Therefore, to prevent Langadinos from continuing to abuse the judicial process, from wasting judicial resources, and

11

from wasting the resources of parties who must respond to his frivolous lawsuits, the Court recommends[6] that he be enjoined from making any new filings in this district without prior permission, except to effect an appeal of the various orders issued in this case. Langadinos may, consistent with Fed. R. Civ. P. 72(b), file an objection to this Court's reports and recommendations in this case. The Court notes that the recommended injunction will not deprive Langadinos of his right to file potentially meritorious pleadings, but will simply require that Langadinos demonstrate to the Court, prior to acceptance of his pleadings, that they are not frivolous or filed for an improper purpose.

III.   RECOMMENDATION

For the foregoing reasons, this Court recommends that the District Judge assigned to this case grant the Defendants' motion for a permanent injunction and issue the following injunction:

> Plaintiff is enjoined from filing any further pleadings in this action and from filing any additional or new claims, cases, complaints, or other documents in the U.S. District Court for the District of Massachusetts, except to effect an appeal of the Court's orders in this case, without first obtaining written approval of a judge of this Court by filing a written petition seeking leave of Court to do so. The petition must be accompanied by a copy of this Court's Memorandum and Order, together with the papers sought to be filed, and a certification under oath that there is a good faith basis for their filing. The Clerk of Court shall accept the documents, mark them as received, and forward them for action on the petition to a judge of this Court authorized to act on matters on the Miscellaneous Business Docket of the Court. Any documents which are submitted for filing by the Plaintiff in violation of this Order shall not be filed or docketed by the Clerk's Office, but shall be returned by the Clerk's Office to the Plaintiff.

---

[6] In Cok, the First Circuit vacated an injunction against a pro se plaintiff because she was not warned or otherwise given notice that filing restrictions were contemplated. Cok, 985 F.2d at 35. Here, Langadinos has filed an opposition to Defendants' motion for injunctive relief. He will also have the opportunity to object to this recommendation. See Cok, 985 F.2d at 35 (citing Pavilonis, 626 F.2d at 1077).

IV.     REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any

party who objects to these proposed findings and recommendations must file specific written

objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report

and Recommendation. The written objections must specifically identify the portion of the

proposed findings, recommendations, or report to which objection is made, and the basis for such

objections. See Fed. R. Civ. P. 72. The parties are further advised that the United States Court

of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P.

72(b) will preclude further appellate review of the District Court's order based on this Report

and Recommendation. See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999);

Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d

343 (1st Cir. 1993).

                            /s/ Jennifer C. Boal
                            JENNIFER C. BOAL
                            United States Magistrate Judge